**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Aaron Willie STAPLES, Defendant–Appellant.**

No. 95–30274.

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 1996.*

Decided June 7, 1996.

As Amended June 28, 1996.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Robert M. Leen, Seattle, Washington, for defendant-appellant.

Angelo J. Calfo, Assistant United States Attorney, Seattle, Washington, for plaintiff-appellee.

Before: LAY,** CHOY, and LEAVY, Circuit Judges.

CHOY, Circuit Judge:

Aaron Willie Staples appeals his guilty plea conviction of possession of a firearm in

** Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by

connection with a drug trafficking crime in violation of 18 U.S.C. § 924(c). We affirm.

### Factual and Procedural Background

On February 1, 1994, undercover police officers purchased cocaine from John Matthews at a local bar. During the transaction, Matthews took money from an officer, went to Staples' car, and returned with the cocaine. The police then arrested Staples and searched his car. In the glove compartment the police found a loaded .40 caliber semiautomatic pistol.

On January 15, 1995, Staples was charged with using and carrying a firearm while distributing cocaine in violation of 18 U.S.C. § 924. On March 7, 1995, he pled guilty. Before sentencing, Staples moved unsuccessfully to dismiss the indictment and vacate the plea on the basis of *United States v. Lopez,* — U.S. —, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). Staples was sentenced to five years imprisonment on August 11, 1995. Staples timely appeals.

### Analysis

I. 18 U.S.C. § 924(c)(1) does not exceed Congress' authority under the Commerce Clause.

Staples argues that Congress lacked authority under the Commerce Clause to enact 18 U.S.C. § 924(c)(1). That statute provides that "[w]hoever, during and in relation to any crime of violence or drug trafficking ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall ... be sentenced to imprisonment for five years." At issue is whether the prohibited activity "substantially affects" interstate commerce. *Lopez,* — U.S. at —, 115 S.Ct. at 1630.

In *Lopez,* the Court declared unconstitutional a statute which prohibited "any individual knowingly to possess a firearm at a place that the individual knows, or has reasonable cause to believe, is a school zone." 18 U.S.C. § 922(q)(2)(A). The Court held that the statute did not substantially affect

designation.

interstate commerce for three reasons. First,

> [s]ection 922(q) is not an essential part of a larger regulation of economic activity, in which the regulatory scheme could be undercut unless the intrastate activity were regulated. It cannot, therefore, be sustained under our cases upholding regulations of activities that arise out of or are connected with a commercial transaction, which viewed in the aggregate, substantially affects interstate commerce.

—— U.S. at ——, 115 S.Ct. at 1631. Second, "§ 922(q) contains no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." *Id.* at ——, 115 S.Ct. at 1631. Third, the statute lacked legislative findings that it would substantially affect interstate commerce. *Id.* at ——— ——, 115 S.Ct. at 1631–32.

Section 924(c)(1) differs from § 922(q) in at least the first two respects. First, § 924(c)(1) regulates "activities that arise out of or are connected with a commercial transaction." *Id.* at ——, 115 S.Ct. at 1630. Unlike education, drug trafficking is a commercial activity which substantially affects interstate commerce. *See United States v. Gonzalez,* 893 F.Supp. 935, 936 (S.D.Cal. 1995) (upholding constitutionality of prohibition on distribution of controlled substances under *Lopez* because "distribution of controlled substances has a substantial effect on interstate commerce"); *see also United States v. Thornton,* 901 F.2d 738, 741 (9th Cir.1990) ("Congress has stated and we have confirmed that drug trafficking is a national concern which affects interstate commerce.").

Second, § 924(c)(1) contains a jurisdictional element which ensures, "through case-by-case inquiry, that the firearm possession in question affects interstate commerce." *Lopez,* —— U.S. at ——, 115 S.Ct. at 1631. Section 924(c)(1) requires that the defendant engage in a crime of drug trafficking "for which he may be prosecuted in a court of the United States." It thus resembles 18 U.S.C. § 844(h), which this court upheld in *United States v. Pappadopoulos,* 64 F.3d 522, 527

(9th Cir.1995), *as amended on denial of reh'g* (Nov. 13, 1995). Section 844(h) provides:

> Whoever … uses fire or an explosive to commit *any felony which may be prosecuted in a court of the United States* … shall, in addition to the punishment provided for such felony, be sentenced to imprisonment for five years. . . .

(Emphasis added). This court found that the jurisdictional element guaranteed that the statute would substantially affect interstate commerce: "Section 844(h) does not facially exceed Congress's commerce power because it requires that the underlying felony itself be one that can be prosecuted 'in a court of the United States.'" *Pappadopoulos,* 64 F.3d at 528. Likewise, § 924(c)(1) requires that the underlying crime of drug trafficking be one which "may be prosecuted in a court of the United States." The Eighth Circuit adopted similar reasoning in rejecting a *Lopez* challenge to § 924(c)(1). *United States v. Brown,* 72 F.3d 96, 97 (8th Cir.1995) ("Because Brown's section 924(c)(1) conviction is based on his section 841(a)(1) drug trafficking offense, which involved 'an activity that substantially affect[ed] interstate commerce,' we reject Brown's *Lopez* challenge.") (quoting *Lopez,* —— U.S. at ——, 115 S.Ct. at 1630).

Staples notes that he was never actually charged with the underlying felony, unlike the defendants in *Pappadopoulos* and *Brown.* Whether or not Staples was charged with the felony, however, the jury found that he engaged in a crime of drug trafficking which could have been prosecuted in federal court, i.e. conduct which substantially affected interstate commerce.

We agree with the Eighth Circuit that § 924(c)(1) does not exceed Congress' power under the commerce clause.

II.  Staples "carried" the firearm.

After the parties filed their briefs, the Supreme Court issued *Bailey v. United States,* in which the Court reversed two convictions under § 924(c)(1). —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). In *Bailey,* the Court defined "use" as "active employment of the firearm." *Id.* at ——, 116 S.Ct. at 506. The firearms in *Bailey* were found in a locked car trunk and in a locked

footlocker in a bedroom closet. *Id.* at ——, 116 S.Ct. at 509. The Court held that the defendants had not "used" the firearms, since no evidence indicated that either defendant actively employed the firearms. Because the defendants were charged under both the "use" and "carry" prongs of § 924(c)(1), and the court of appeals did not consider liability under the "carry" prong, the Court remanded for consideration of whether the defendants carried the firearms. *Id.*

Staples did not "use" the firearm under *Bailey.* No evidence indicates that he actively employed the firearm; it remained in the glove compartment during the entire transaction.

■ At issue is whether Staples "carried" the firearm by transporting it in the glove compartment of a car to the scene of a drug transaction. Staples' indictment charged that he "did use *and carry* a firearm." (emphasis added). In his plea agreement, Staples admitted that "I knowingly carried this firearm in the glove compartment of the car at the time I distributed the cocaine to John Matthews.... I admit that I carried the firearm during and in relation to the distribution of that cocaine." Plea Agreement at 2.

*Bailey* provides some guidance in interpreting "carry." The Court noted that "[t]he 'carry' prong of § 924(c)(1), for example, brings some offenders who would not satisfy the 'use' prong within the reach of the statute." —— U.S. at ——, 116 S.Ct. at 509.

> Under the interpretation we enunciate today, a firearm can be used without being carried, *e.g.,* when an offender has a gun on display during a transaction, or barters with a firearm without handling it; and a firearm can be carried without being used, *e.g.,* when an offender keeps a gun hidden in his clothing throughout a drug transaction.

*Id.* at ——, 116 S.Ct. at 507.

Subsequent to *Bailey,* this court held that "in order for a defendant to be convicted of 'carrying' a gun in violation of section 924(c)(1), the defendant must have transported the firearm on or about his or her person. This means the firearm must have been immediately available for use by the defen-

dant." *United States v. Hernandez,* 80 F.3d 1253, 1258 (9th Cir.1996) (citations omitted). Since the gun in *Hernandez* was located in a locked toolbox, this court held that the defendant did not use or carry the firearm. *Id.*

In *Hernandez,* this court relied on the Sixth Circuit's interpretation of "carry" in *United States v. Riascos–Suarez,* 73 F.3d 616 (6th Cir.1996). The Sixth Circuit held that "the firearm must be immediately available for use-on the defendant or within his or her reach." *Id.* at 623. The court held that the defendant carried a firearm when he drove with a loaded gun on the driver's side of the console. *Id.*

Other cases agree that a defendant can "carry" a firearm in an automobile. In *United States v. Barber,* this court interpreted § 924(c)(2), the predecessor to the current § 924(c)(1), and held that a defendant had "carried" a firearm in the glove compartment of his car. 594 F.2d 1242, 1244 (9th Cir.), *cert. denied,* 444 U.S. 835, 100 S.Ct. 69, 62 L.Ed.2d 46 (1979). Likewise, the Eleventh Circuit recently held that a defendant "carried" a firearm which was located in a glove compartment. *United States v. Farris,* 77 F.3d 391, 395–96 (11th Cir.1996) ("From this the jury could find that the Toyota was used as a drug distribution center and that Farris knew the firearm was in the automobile. Put differently, the jury could find that the firearm was being carried by Farris in the vehicle.").

Staples carried the firearm under *Hernandez.* The firearm was in the glove compartment, and thus "about" his person, within reach and immediately available for use. Moreover, in his plea agreement Staples admitted that he carried the firearm in connection with his drug trafficking activities. Under these facts, Staples carried the firearm.

The judgment of the district court is AFFIRMED.