95 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marcellus COX, Defendant-Appellant.
 No. 95-50083.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 6, 1996.*
Submission Deferred March 11, 1996. Resubmitted Aug. 8, 1996.
Decided Aug. 19, 1996.
 
 Before: POOLE, WIGGINS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Marcellus Cox pleaded guilty to two counts of bank robbery and one count of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). Cox argues on appeal that (1) the government violated his plea agreement by recommending the district court sentence him to the high end of the guidelines range and (2) 18 U.S.C. § 924(c)(1) exceeds Congress' power under the Commerce Clause. For the following reasons, we AFFIRM Cox's conviction and sentence.
 
 FACTS
 
 3
 Pursuant to a plea agreement, Cox pleaded guilty to one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d), one count of unarmed bank robbery in violation of 18 U.S.C. § 2113(a) and one count of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). In exchange for the plea, the government promised (1) to dismiss the remaining count of conspiracy, (2) not to prosecute Cox for his participation in four armed bank robberies and (3) to recommend a three point reduction in Cox's offense level for acceptance of responsibility.
 
 
 4
 On February 8, 1995 Cox was sentenced to 254 months on the three counts. His sentence consisted of concurrent sentences of 194 months on both counts of bank robbery and a consecutive sentence of 60 months on the count of using a firearm during a crime of violence. The Presentence Report ("PSR") established a guidelines range of 248 months to 298 months sentence for all counts and recommended the court sentence Cox to 248 months--the low end of the guidelines range.
 
 
 5
 The government, however, filed its position regarding sentencing, recommending that the district court sentence Cox to 295 months as a "specific deterrent against [Cox's] future criminality" given Cox's "extensive history of committing wide-ranging and violent crimes." Moreover, at the sentencing hearing, the government reiterated its position that the court should sentence Cox to the high end of the guidelines range, because of Cox's status as a career offender, and because the sheer number and type of Cox's convictions indicated that Cox "simply cannot follow the law." Despite the government's recommendation, the district court sentenced Cox to 254 months on all three counts--6 months above the recommendation of the PSR.
 
 DISCUSSION
 I. STANDARD OF REVIEW
 
 6
 Cox failed to raise either issue presented on appeal below. "Issues not presented to the district court cannot generally be raised for the first time on appeal." U.S. v. Robertson, 52 F.3d 789, 791 (9th Cir.1994). However, we consider the issue:
 
 
 7
 if (1) there are 'exceptional circumstances' why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court. Further exception may be made when plain error has occurred and an injustice might otherwise result.
 
 
 8
 Id. (internal quotations omitted) (quoting Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991)).
 
 
 9
 Here, Cox provides no explanation for his failure to raise the breach of the plea agreement below. Moreover, "[a]n alleged breach of a plea agreement is precisely the type of claim that a district court is best situated to resolve. The claim is fact-specific, may require an evidentiary hearing or proffer of evidence, and the trial court, having taken the plea and having heard the evidence, should have the first opportunity to rule." Id. (quoting U.S. v. Flores-Payon, 942 F.2d at 560).
 
 
 10
 Thus, we review Cox's claim of breach of the plea agreement for plain error only. "Plain error is error that is clear under the law and that affects substantial rights." U.S. v. Campbell, 42 F.3d 1199, 1204 (9th Cir.1994), cert. denied, 115 S.Ct. 1814 (1995). Moreover, the appellant must establish that the error was prejudicial. Id. " 'If these elements are established, the court of appeals should correct a plain error affecting substantial rights if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." ' " Id. (quoting U.S. v. Dorri, 15 F.3d 888, 891 (9th Cir.1994)).
 
 
 11
 However, with regard to Cox's Commerce Clause challenge to 18 U.S.C. § 924(c), Cox presents a purely legal issue; moreover, he did not prejudice the government due to his failure to raise the issue below. Therefore, we review the constitutionality of the statute de novo. U.S. v. Gordon, 974 F.2d 1110, 1114 (9th Cir.1992).
 
 
 12
 II. WAS IT PLAIN ERROR FOR THE GOVERNMENT TO REQUEST THAT COX BE SENTENCED AT THE HIGH END OF THE GUIDELINES RANGE?
 
 
 13
 Cox claims that the government breached his plea agreement in recommending that he be sentenced at the high end of the guidelines range, contrary to the Probation Department's recommendation that he be sentenced at the low end of the range. As noted above, because Cox failed to raise this issue below, we review the issue for plain error.
 
 
 14
 Here, Cox fails to point to a clear or obvious error. Although he claims the government breached his plea agreement in requesting that the court sentence him to the high end of the guidelines range, no provision of the agreement was explicitly breached.[1] First, the government did not "clearly" breach its promise not to prosecute Cox for the four uncharged bank robberies by recommending that Cox's history of committing wide-ranging and violent crimes warranted the high end of the Guidelines range. The government promised not to prosecute Cox for these uncharged crimes; it did not promise not to refer to the crimes as part of Cox's criminal history.[2]
 
 
 15
 Second, the government's sentencing recommendation did not "obviously" constitute a breach of p 9 of the agreement, which simply informs the defendant that the court is not bound by the stipulated facts in the agreement and will determine the facts and calculations relevant to sentencing itself.[3] Nor does the fact that the government reserved the right to correct factual errors in the PSR and to supply factual information to the Probation department, imply that it promised to do nothing more than supply that information.
 
 
 16
 Third, the fact that the government did not expressly reserve the right to oppose the Probation Department's recommendation does not establish that its opposition constituted a "plain error", i.e., an obvious breach of the agreement. Cf. U.S. v. Travis, 735 F.2d 1129, 1131-32 (9th Cir.1984) (prosecutor failed to keep promise to recommend a "substantial period of incarceration" and otherwise "stand mute" at sentencing). To the contrary, the fact that Cox failed to object to the Government's Position Re Sentencing Factors or to the government's statements at the sentencing hearing indicates that Cox did not interpret the agreement as barring such an objection. See Robertson, 52 F.3d at 792 (where defendant failed to raise breach of plea agreement below, attorney's representation regarding understanding of the plea agreement foreclosed raising issue of breach on appeal). Finally, the only explicit promise the government made regarding Cox's sentence was that it would recommend a three point reduction for acceptance of responsibility, which it did.
 
 
 17
 Thus Cox fails to identify any plain error due to a breach of the plea agreement and we reject Cox's claim of breach on appeal.
 
 
 18
 III. DOES 18 U.S.C. § 924(c) CONSTITUTE AN UNCONSTITUTIONAL EXERCISE OF CONGRESS' POWER UNDER THE COMMERCE CLAUSE?
 
 
 19
 Cox also argues that his conviction under 18 U.S.C. § 924(c)(1) should be set aside because the statute is an unconstitutional exercise of Congress' power under the Commerce Clause, relying on the Supreme Court's recent decision in U.S. v. Lopez, 115 S.Ct. 1624 (1995). We have recently rejected this argument in U.S. v. Staples, 85 F.3d 461, 462-63 (9th Cir.1996) (holding that 18 U.S.C. § 924(c)(1) does not exceed Congress' power under the Commerce Clause).
 
 CONCLUSION
 
 20
 For the foregoing reasons, we AFFIRM Cox's conviction and sentence.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "Plea agreements are contractual in nature and are measured by contract law standards." U.S. v. De La Fuente, 8 F.3d 1333, 1337 (9th Cir.1993). The court must determine what the defendant reasonably understood to be the terms of the agreement. Id. at 1338
 
 
 [2]
 Paragraph 6 of the agreement states in part:
 In addition, the government agrees not to prosecute you for any offense committed by you, and known to the government, in connection with (1) the July 9, 1993 armed robbery of Bank of America, 170 East Baseline Road, Rilato, California; (2) the July 27, 1993 armed robbery of Bank of America, 39398 Los Alamos Road, Murrieta, California; (3) the September 16, 1993 armed robbery of Bank of America, 1450 Beaumont Avenue, Beaumont, California; and (4) the November 1, 1993 armed robbery of Hawthorne Savings, 24465 Alicia Parkway, Mission Viejo, California.
 ER 15-16.
 
 
 [3]
 Paragraph 9 states:
 You understand that neither the United States Probation Office nor the Court is bound by the stipulation herein and that the Court will, with the aid of the presentence report, determine the facts and calculations relevant to sentencing. You further understand that both you and this Office are free to supplement these stipulated facts by supplying relevant information to the United States Probation Office, and the Office specifically reserves its right to correct any and all factual misstatements relating to the calculation of your sentence. You understand that the Court cannot rely exclusively upon the parties' stipulation in ascertaining the factors relevant to the determination of your sentence. Rather the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. You understand that if the Court ascertains factors different from those contained in the stipulation, you cannot, for that reason alone, withdraw your guilty plea.
 ER 16 p 9.