97 F.3d 1462
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Zong Blong MUA, Defendant-Appellant.
 No. 95-30202.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1996.
Decided Sept. 19, 1996.
 
 Before: FLETCHER, NOONAN, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Zong Blong Mua appeals his conviction and sentence for possession of opium with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and of carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). We have jurisdiction, 28 U.S.C. § 1291, and affirm.
 
 
 3
 * Mua concedes that the traffic stop was justified, but argues that his continued detention, and questioning, were not. Relying on other traffic stop cases that ripened into searches, see, e.g., United States v. Fernandez, 18 F.3d 874 (10th Cir.1994); United States v. Hernandez-Alvarado, 891 F.2d 1414 (9th Cir.1989); United States v. Tapia, 912 F.2d 1367 (11th Cir.1990), Mua maintains that Deputy Peter lacked reasonable suspicion of criminal activity because all of the items upon which the officer relied, possibly except for nervousness, are innocent, while nervousness alone is not enough.
 
 
 4
 We agree with the district court that the individual factors noticed by Deputy Peter were legitimate bases for suspicion and that, cumulatively, they amount to reasonable suspicion. United States v. Perez, 37 F.3d 510, 514 (9th Cir.1994). The absence of any record of Mua's driver's license is suspicious. Id.; see Fernandez, 18 F.3d at 879 (lack of a valid license gives rise to objectively reasonable suspicion). Peter was also aware that people transporting drugs often use rental cars to avoid forfeiture and ready identification. Mua's nervous behavior and avoidance of eye contact when talking about the nature of the trip, contrasted with his relaxed demeanor and the presence of eye contact during the traffic stop, were additional suspicious factors. Perez, 37 F.3d at 514; United States v. Nikzad, 739 F.2d 1431, 1432-33 (9th Cir.1984) (unusually nervous behavior gives rise to reasonable suspicion). Renting a car to drive from Seattle to Michigan to visit an ill mother, at a cost of $650, also supports the finding of reasonable suspicion.
 
 
 5
 Unlike the defendant in Hernandez-Alvarado, Mua's driver's license did not check out and his behavior changed from relaxed to nervous when the conversation turned to the nature of the trip. In Fernandez, the defendant also produced a valid license and, unlike Mua, gave a "consistent and very plausible explanation of [his] travel." Fernandez, 18 F.3d at 878. United States v. Recalde, 761 F.2d 1448 (10th Cir.1985), is also distinguishable because the officer detained the defendant on nothing more than "a gut instinct" after verifying the validity of the defendant's driver's license. Here, Peter testified to a combination of factors that were consistent with his training and experience. Similarly, in Tapia, 912 F.2d 1367, the driver's license appeared to be valid, and there is no evidence that the officer was aware of other factors that, in the officer's experience, indicated the possible transportation of narcotics.
 
 
 6
 Accordingly, the continued questioning was not unjustified. Because the investigatory stop was supported by reasonable suspicion, Mua's consent was not tainted by a prior unlawful detention and we need not consider Mua's further argument that there must have been a break in the government's illegal detention to validate his consent. See United States v. Delgadillo-Velasquez, 856 F.2d 1292 (9th Cir.1988).
 
 II
 
 7
 We disagree that Mua's § 924(c)(1) conviction must be reversed because of instructional error under United States v. Bailey, 116 S.Ct. 501 (1995). Mua's gun was on the floor of the front passenger side of the car he was driving, in an open duffel bag, within reach. Indeed, he actually reached for it. There is no doubt that Mua was transporting the gun and that being within reach, the pistol was "about" his person "immediately available for use." United States v. Hernandez, 80 F.3d 1253, 1258 (9th Cir.1996) ("[F]or a defendant to be convicted of 'carrying' a gun in violation of section 924(c)(1), the defendant must have transported the firearm on or about his or her person. See United States v. Riascos-Suarez, No. 95-5035, 1996 WL 11015, at * 6 (6th Cir. Jan. 12, 1996); see also Bailey, 116 S.Ct. at 508 (recognizing possible importance of distinction between firearm's accessibility to drugs, and its accessibility to defendant)."); United States v. Staples, 85 F.3d 461 (9th Cir.1996), amended, 1996 WL 359984 (1996). Failing to distinguish "using or carrying" the firearm in this case cannot have made any difference. Therefore, we decline to reverse regardless of whether we review for plain error or harmless error.
 
 
 8
 Mua also contends that the court diluted the government's burden of proof by instructing that possession of a gun could support a conviction for carrying a firearm if "from the circumstances or otherwise" it "could" be found that the defendant intended to use the gun, on the footing that the phrase "from the circumstances or otherwise" negated the essential relationship between the firearm and the underlying offense and the word "could" invited the jury to speculate.
 
 
 9
 Although the instructions would have been more felicitously crafted without the language about which Mua complains, there was no reversible error. The jury was instructed that it had to find that Mua committed the crime of possession of opium with intent to distribute it, and that the firearm was used or carried in relation to the underlying drug trafficking offense; that the government had the burden of proving each element beyond a reasonable doubt; and that the verdict must be based only on the evidence received at trial. Overall, we cannot say that the instructions were misleading or inadequate or that they affected Mua's due process rights.
 
 III
 
 10
 Mua argues that the district court erred in failing to give a three-point reduction in his base offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 because he cooperated throughout the traffic stop, confessed at the scene and gave a number of tape-recorded statements acknowledging his guilt and responsibility, offered to enter a conditional guilty plea to the opium charge, and did not defend on that charge at trial. He contends that putting the government to proof at trial does not disqualify him from the reduction, nor should the fact that he intended to appeal his conviction and denial of his motion to suppress be taken into account. Mua further challenges the government's position that he did not accept responsibility because he untruthfully claimed that the drugs were used as medicine.
 
 
 11
 We fail to see any abuse of discretion. The district court was entitled to take all these factors into consideration, and did not improperly rest its decision on any impermissible factor. Only in "rare" or "unusual" circumstances will a defendant be entitled to an acceptance of responsibility reduction despite having pleaded not guilty. U.S.S.G. § 3E1.1, application note 2. A "limited acceptance of responsibility is not sufficient to qualify"; therefore, the reduction need not be given if the defendant admits to some involvement before trial but does not admit to the level of involvement ultimately proved at trial. United States v. Arias-Villanueva, 998 F.2d 1491, 1513 (9th Cir.), cert. denied, 114 S.Ct. 359 (1993). Cf. United States v. Morales, 972 F.2d 1007, 1010 (9th Cir.1992), cert. denied, 113 S.Ct. 1665 (1993). A district court may likewise take into account whether the defendant put the government to its burden of proof at trial by denying essential elements of guilt. United States v. Innie, 7 F.3d 840, 848 (9th Cir.1993), cert. denied, 114 S.Ct. 1567 (1994).
 
 
 12
 Neither United States v. McKinney, 15 F.3d 849, 853 (9th Cir.1994), nor United States v. Khang, 36 F.3d 77, 80 (9th Cir.1994), requires reversal, as Mua contends. Unlike Mua, McKinney didn't hold back information about himself; he confessed to committing the robbery; he explained how he acquired the gun that he used; he attempted to plead guilty to two of three counts, where guilt on the two would almost necessarily entail guilt on the remaining count; and he did not raise a defense or put on a witness to contest a material part of the government's case.
 
 
 13
 In Khang, the defendants admitted up front that they knew the substance they transported was opium, but argued that they were taking the opium to their sick father to be used as medicine. We held that lying about motive to commit the crime does not preclude a downward adjustment for acceptance of responsibility where the lie would not establish a defense to the crime or avoid criminal liability. Mua, by contrast, said among other things that he had the gun to protect himself against African-Americans rather than to protect the drugs. Unlike statements about motive, this statement would have established a defense to the § 924(c) charge.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3