**UNITED STATES of America, Plaintiff,**

v.

**Kurt KASHIWABARA, Defendant.**

**Criminal Nos. 96–00579 ACK, 91–01825 ACK 03.**

United States District Court, D. Hawai'i.

Dec. 18, 1996.

Daniel A. Bent by Marshall H. Silverberg, Asst. U.S. Atty., for U.S.

Rustam Barbee, AFPD, Frank Fernandez, Honolulu, HI, Koshiba & Young, James Koshiba, Gregg Young, Honolulu, HI, for Defendant.

Kurt Kashiwabara, Lompoc, CA, pro se.

## ORDER DISMISSING DEFENDANT'S § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE

KAY, Chief Judge.

### BACKGROUND

Before this Court, Defendant Kurt Kashiwabara was convicted of: (1) conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846; (2) two counts of possession with intent to distribute cocaine and methamphetamine in violation of 21 U.S.C. § 841(a)(1); and (3) using or carrying a firearm in relation to drug trafficking in violation of 18 U.S.C. § 924(c)(1). On June 8, 1992, Defendant was sentenced to 87

months for the drug offenses and 60 months for the firearm violation.

On December 14, 1992, Defendant filed a habeas corpus motion alleging ineffective assistance of counsel. This Court denied his motion by order filed June 22, 1993. On May 19, 1994, the Ninth Circuit affirmed the Court's order.

On July 5, 1996, Defendant filed a second 2255 motion alleging that the conduct for which he was convicted no longer constituted a violation of 18 U.S.C. 924(c)(1) in light of the recent decision in *Bailey v. United States*, — U.S. —, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). On September 10, 1996, the government filed an opposition seeking a dismissal of the Defendant's petition for failure to abide by the Anti–Terrorism and Effective Death Penalty Act of 1996 [1] ("Act") which requires every applicant of a second or successive application to obtain approval by the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). On October 11, 1996, the Ninth Circuit filed an order authorizing this Court to consider Defendant's second habeas petition. On October 25, 1996, the government filed a second opposition to Defendant's motion to vacate. On November 12, 1996, the Defendant filed his reply.

### DISCUSSION

I. *The Court dismisses Defendant's petition because it does not involve newly discovered evidence or a new rule of constitutional law*

On April 24, 1996, the President signed into law the Anti–Terrorism and Effective Death Penalty Act of 1996 ("Act"). Section 105 of the Act amending 28 U.S.C. § 2255 to require that:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255, *amended by* Anti–Terrorism and Effective Death Penalty Act of 1996 § 105. At the time Defendant originally filed his motion, he had not obtained the requisite appellate certification. However, in response to the government's original opposition, the Defendant applied to the Ninth Circuit for certification. On October 11, 1996, the Ninth Circuit issued an order which stated that: "Petitioner's motion for an order authorizing the district court to consider his second 28 U.S.C. § 2255 motion is granted."

Nevertheless, the government argues that the Ninth Circuit's certification should not be heeded because: (1) it does not specifically refer to the grounds for allowing the petition to go forward; and (2) the only possible ground for certification—a new rule of constitutional law—does not apply because *Bailey* is merely a case of statutory construction.

Due to its recent enactment, many of the Act's provisions have yet to be interpreted. For example, the exact interplay between 28 U.S.C. § 2255 and 28 U.S.C. § 2244 appears undefined. Section 28 U.S.C. 2255's provision that "a second or successive motion must be certified as provided in section 2244" would seem to indicate that § 2244 in its entirety should be incorporated into § 2255. However, such a reading would result in the creation of two different standards for certification of successive habeas petitions. Under § 2255, a petitioner can obtain relief if newly discovered evidence viewed in light of the evidence as a whole establishes by clear and convincing evidence that no reasonable factfinder would have found petitioner guilty. *See* 28 U.S.C. § 2255. Under § 2244, however, the petitioner must not only establish by clear and convincing evidence that no reasonable factfinder could have found petitioner guilty, but must also overcome "a but for constitutional error" requirement. *See*

---

1. Pub.L. 104–132, 110 Stat. 1214.

§ 2244(b)(2)(B)(ii). Such confusion could not have been what Congress intended when it put the incorporation provision in § 2255. Instead, the Court reads the provision to merely incorporate the "procedures" for certification outlined in § 2244(b)(3) and (4).

In light of its interpretation, the Court rejects the government's first argument, finding that the statute does not contain a "magic words" requirement. The Act merely requires that: "The court of appeals ... authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). It does not require the court of appeals to parrot the requirements in its order. Accordingly, the Court finds that the Ninth Circuit's terse order satisfies the Act.

■ The government's second argument, however, has merit. In his motion, Defendant did not contest his underlying conviction based on newly discovered evidence. Therefore, the only ground that the Ninth Circuit could have authorized the Defendant's petition was the second category, i.e. "a new rule of constitutional law." *See* § 2255.

■ The *Bailey* decision, however, did not create a "new rule of constitutional law." In *Bailey,* the Court merely clarified the definition of "use" in 18 U.S.C. 924(c)(1). *Bailey,* —— U.S. ——, ——, 116 S.Ct. 501, 505, 133 L.Ed.2d 472 (1995) ("we granted certiorari to clarify the meaning of 'use' under § 924(c)(1).") Confronted with this very issue, moreover, other Circuits have ruled that *Bailey* did not create a new rule of constitutional law. *See e.g. Nunez v. United States,* 96 F.3d 990, 992 (7th Cir.1996) ("*Bailey* is not 'a new rule of constitutional law' ".); *In re Charles Blackshire,* 98 F.3d 1293, 1294 (11th Cir.1996) ("*Bailey* did not express a new rule of constitutional law; rather, it merely interpreted a substantive criminal statute using rules of statutory construction."). In light of *Bailey,* and these Circuit

decisions, the Court finds that *Bailey* does not create a new rule of constitutional law.

■ Although this Court would normally have no power to deviate from the Ninth Circuit's decision (regardless of its merit), the Act confers a district court with the authority to make its independent review of whether the petition meets the statutory requirements.[2] *See* § 2244(b)(4) (emphasis added) ("A district court shall dismiss any claim presented in a second or successive application that the **court of appeals has authorized to be filed** unless the applicant shows that the claim satisfies the requirements of this section.") Pursuant to its authority, therefore, this Court dismisses the Defendant's habeas corpus claim because it does not involve newly discovered evidence or a new rule of constitutional law.

II. *Even if the Court reached the merits of Defendant's petition, it would find that Defendant "carried" the pistol in violation of 18 U.S.C. § 924(c)(1)*

■ The Supreme Court in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), clarified the definition of "use" for purposes of 18 U.S.C. § 924(c)(1). It did not clarify the interpretation of "carry," other than stating that "a firearm can be carried without being used, e.g., when an offender keeps a gun hidden in his clothing throughout a drug transaction." *Id.* at ——, 116 S.Ct. at 507.

Nevertheless, in light of *Bailey,* the Ninth Circuit has further defined the "carry" prong for purposes of § 924(c)(1). *United States v. Hernandez,* 80 F.3d 1253 (9th Cir.1996); *United States v. Staples,* 85 F.3d 461 (9th Cir.1996); *United States v. Willett,* 90 F.3d 404 (9th Cir.1996). These cases set forth the rule that "for a defendant to be convicted of 'carrying' a gun in violation of section 924(c)(1), the defendant must have transported the firearm on or about his or her person. This means the firearm must have been immediately available for use by the defen-

---

**2.** In light of the fact that: (1) § 2244 merely requires that the court of appeals "determine that the application makes a prima facie showing" of meeting the requirements; and (2) that § 2244 only gives the court of appeal 30 days to

deny or grant the petitioner authorization to pursue a second petition, the Ninth Circuit's order cannot be considered a decision on the merits. *See* § 2244(b)(3)(D).

dant." *United States v. Staples*, 85 F.3d 461, 464 (9th Cir.1996), *quoting United States v. Hernandez*, 80 F.3d 1253, 1258 (9th Cir. 1996).

Applying this rule to this case, the Court finds that the Petitioner "carried" the gun under § 924(c)(1). The evidence showed that the Petitioner carried the gun to his co-conspirator's apartment where he was arrested and the gun found. Therefore, Petitioner clearly "transported the firearm on or about his person."

The firearm, moreover, was "immediately available for use by the defendant." The gun was in Petitioner's black handbag, found on a coffee table next to where the Petitioner sat when arrested. Thus, to have used the gun, Petitioner need have only reached up to the table and grabbed it. Such ease of access is difficult to distinguish from the situation where a person carries the gun on their person. In either situation, the gun is only an arm's reach away.

In accord with this reasoning, the Ninth Circuit has found the "carry" prong of § 924(c)(1) to have been fulfilled by a gun transported in a car's glove compartment. *Staples*, 85 F.3d 461, 464. In *Staples*, the Court found that the firearm in the glove compartment was " 'about' his person, within reach and immediately available for use." *Id.* Therefore, in light of the "carry" test articulated in *Hernandez*, 80 F.3d 1253, 1258, and its application in *Staples*, 85 F.3d 461, 464, the Court finds that the Petitioner "carried" the gun for purposes of § 924(c)(1). Accordingly, the Court denies the Petitioner's § 2255 motion to set aside his 18 U.S.C. § 924(c)(1) conviction for using or carrying a firearm in relation to a drug trafficking crime.

### CONCLUSION

For the foregoing reasons, this Court DISMISSES Defendant's 2255 motion to vacate, set aside or correct his sentence.

IT IS SO ORDERED.