107 F.3d 878
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen SPARKS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric Jeffrey FRANK, Defendant-Appellant.
 Nos. 96-30027, 96-30028.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1997.*
Decided Feb. 28, 1997.
 
 1
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 I.
 
 3
 The district court properly rejected defendants' facial vagueness challenge to the statute since the conduct with which defendants were charged was admittedly proscribed by the statute. Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 (1982). Defendants' reliance on Kolender v. Lawson, 461 U.S. 352 (1983), is misplaced. "If Kolender expands the availability of facial vagueness review, however, it does so only if the challenger at least demonstrates implication of a substantial amount of constitutionally protected conduct." Schwartzmiller v. Gardner, 752 F.2d 1341, 1348 (9th Cir.1984). The defendants have not done so here.
 
 
 4
 United States v. Staples, 85 F.3d 461, 463 (9th Cir.1996), forecloses defendants' argument that 18 U.S.C. § 921(a)(30) exceeds the authority of Congress to regulate interstate commerce.
 
 II.
 
 5
 The evidence was insufficient to convict Frank as a principal for "carrying" a firearm under 18 U.S.C. § 924(c), as that term was defined by United States v. Hernandez, 80 F.3d 1253, 1258 (9th Cir.1996). However, there was sufficient evidence that Frank aided and abetted Sparks in "carrying" the firearm during the drug transaction. See 18 U.S.C. § 2. Frank agreed to buy cocaine from the undercover officer and said he would send Sparks to deliver the money and pick up the cocaine. Frank and Sparks arrived at the scene of the drug transaction in the same car. Sparks emerged with the bag containing both the money and the gun. Since Frank said he would send Sparks to deliver the money, it was reasonable to infer that Frank also sent Sparks with the gun hidden in the same bag and thus aided and abetted Sparks in carrying the gun during the drug transaction.
 
 
 6
 It was unnecessary to prove that Frank knew the firearm was a "semi-automatic assault weapon." Frank was dealing with a dangerous device of a character that placed him in responsible relation to a public danger, and should have been alerted to the probability of strict regulation; the burden was on Frank to ascertain at his peril whether his conduct came within the statute. Staples v. United States, 114 S.Ct. 1793, 1798 (1994) (citations omitted).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3