108 F.3d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Respondent-Appellee,
v.
Darrell B. WARREN, Petitioner-Appellant.
 No. 96-35700.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 14, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darrell B. Warren, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction for possession of over five grams of crack cocaine in violation of 21 U.S.C. § 844(a), using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We review de novo. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Warren contends that his conviction under 18 U.S.C. § 924(c) should be vacated because the jury instructions defined the elements of section 924(c) in the disjunctive and the indictment defined the elements in the conjunctive. Warren also contends that the district court's response to a jury question regarding this variance was improper. These contentions lack merit.
 
 
 4
 "[A] jury may convict on a finding of any of the elements of a disjunctively defined offense, despite the ... choice of conjunctive language in the indictment." United States v. Bettencourt, 614 F.2d 214, 219 (9th Cir.1980); see also United States v. Abascal, 564 F.2d 821, 832 (9th Cir.1977) ("The government may charge in the conjunctive form that which the statutes denounce disjunctively, and evidence supporting any one of the charges will support a guilty verdict."). Moreover, in such situations it is permissible for the court to instruct the jury accordingly. Abascal, 564 F.2d 832-33. In order to convict a defendant of "carrying" a firearm under section 924(c), the firearm must be immediately available for use by the defendant by being on or about his person. See United States v. Staples, 85 F.3d 461, 464 (9th Cir.), cert. denied, 117 S.Ct. 318 (1996); United States v. Hernandez, 80 F.3d 1253, 1258 (9th Cir.1996).
 
 
 5
 When a jury asks for clarification of an issue, the district court has the responsibility to eliminate confusion. United States v. Hayes, 794 F.2d 1348, 1352 (9th Cir.1986). However, "the decision to issue additional instructions rests within the discretion of the district court." United States v. Sarno, 73 F.3d 1470, 1486 (9th Cir.1995), cert. denied, 116 S.Ct. 2554, 116 S.Ct. 2555, 117 S.Ct. 161 (1996).
 
 
 6
 Here, the indictment charged that Warren "did knowingly use and carry a firearm." The district court instructed the jury that section 924(c) required the jury to find that Warren "used or carried" a firearm in connection with a drug offense. Warren testified at trial that he had both a gun and a film cannister containing crack cocaine in his coat pocket when he was stopped by the police. Because it was permissible for the jury to convict "on a finding of any of the elements of a disjunctively defined offense," see Bettencourt, 614 F.2d at 219, and because the gun in Warren's coat pocket was "immediately available for use by the defendant by being on or about his person" see Staples, 85 F.3d at 464; Hernandez, 80 F.3d at 1258, Warren was properly convicted under section 924(c). In addition, because the instructions accurately stated the law, the district court did not abuse its discretion by referring the jury to the original instructions, an action with which Warren's trial counsel concurred. See Sarno, 73 F.3d at 1486. Moreover, any confusion in the jury's mind would only have benefitted Warren because the jury would have erroneously thought that they could only convict Warren under section 924(c) if he both used and carried the firearm.
 
 
 7
 Finally, to the extent that Warren is contending that his section 924(c) conviction must be reversed for lack of sufficient evidence, as we noted above, Warren admitted at trial that when he was arrested he had both a gun and a film cannister containing crack in his coat pockets. See Staples, 85 F.3d at 464 ("carry" prong of section 924(c) satisfied when defendant transports firearm on or about his or her person); Hernandez, 80 F.3d at 1258 (same).[1] Accordingly, the district court's denial of Warren's section 2255 motion is
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to consider Warren's challenge to the constitutionality of section 924(c) because he did not present this issue to the district court. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993); see also Staples, 85 F.3d at 462-63 (holding that 18 U.S.C. § 924(c) is constitutional)