120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oscar Humberto GONZALEZ, Defendant-Appellant.
 No. 96-50560.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
Filed July 17, 1997.
 
 Before HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Oscar Humberto Gonzalez appeals his conviction and 70-month sentence imposed by the district court after he pleaded guilty to aiding and abetting the distribution of, and distributing, methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 Commerce Clause Challenge
 
 3
 Relying on United States v. Lopez, 514 U.S. 549 (1995), Gonzalez contends Congress exceeded its authority under the Commerce Clause when it enacted 21 U.S.C. § 841(a)(1). This contention is meritless.
 
 
 4
 We review de novo a challenge to the constitutionality of a criminal statute. See United States v. Kim, 94 F.3d 1247, 1249 (9th Cir.1996). Congress did not exceed its Commerce Clause authority when it enacted section 841(a)(1). See United States v. Tisor, 96 F.3d 370, 375 (9th Cir.1996), cert. denied, 117 S.Ct. 1012 (1997); Kim, 94 F.3d at 1249-50. Intrastate drug trafficking "is a commercial activity which substantially affects interstate commerce." United States v. Staples, 85 F.3d 461, 463 (9th Cir.), cert. denied, 117 S.Ct. 318 (1996); see Tisor, 96 F.3d at 373.[1] Accordingly, we reject Gonzalez's Commerce Clause challenge.[2]
 
 Aberrant Behavior
 
 5
 Gonzalez contends the district court erroneously determined it lacked authority to depart downward at sentencing, based on its "mistaken belief" that two separate criminal acts cannot constitute a single act of aberrant behavior. This contention lacks merit.
 
 
 6
 Ordinarily, we "lack[ ] jurisdiction to review a district court's discretionary refusal to depart downward," unless the district court "erroneously believed that it lacked power to depart." See United States v. Berger, 103 F.3d 67, 69 (9th Cir.1996), cert. denied, 117 S.Ct. 1456 (1997). At sentencing, in response to Gonzalez's argument that his conduct in making two separate methamphetamine deliveries was a single act of aberrant behavior, the district court stated, "But he did it twice .... don't think it is aberrant behavior when you do it twice, when you do it under these circumstances." We conclude the district court was aware of its authority to depart and exercised its discretion not to do so. Accordingly, we may not review that decision. See id.
 
 Mitigating Role
 
 7
 Gonzalez contends the district court clearly erred by not granting a minor participant reduction under U.S.S.G. § 3B1.2, because he was less culpable than the methamphetamine seller. We disagree.
 
 
 8
 We review for clear error a district court's decision to deny a minor participant reduction. See United States v. Benitez, 34 F.3d 1489, 1497 (9th Cir.1994). The defendant must prove by a preponderance of the evidence that, not only was he "less culpable than most other participants," see U.S.S.G. § 3B1.2(b) & comment. (n.3); United States v. Hoac, 990 F.2d 1099, 1105 (9th Cir.1993), but that his role in the crime makes him " 'substantially less culpable than the average participant,' " see Benitez, 34 F.3d at 1497-98 (alteration in original) (quoting § 3B1.2, comment. (backg'd.)). The district court is not required to grant a reduction simply because the defendant was the least culpable participant. See United States v. Molina, 934 F.2d 1440, 1452 (9th Cir.1991).
 
 
 9
 Although Gonzalez may well have been less culpable than the seller, we conclude the district court did not clearly err in denying the minor participant reduction, because Gonzalez located a buyer, conducted the transaction, and was entrusted with a large quantity of methamphetamine. See id. (upholding denial of minor participant reduction where defendant located source of cocaine for buyer, set terms of deal, arranged for transaction to occur on his property, and was entrusted with 50 kilograms of cocaine); see also United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991) (stating that possession of substantial amount of drugs is grounds for denying reduction).
 
 
 10
 For the first time on appeal, Gonzalez also contends the district court violated Federal Rule of Criminal Procedure 32(c)(1) by failing to issue written factual findings or to explain why it denied the minor participant reduction. We conclude the district court did not commit plain error in failing to enter written factual findings pertaining to its resolution of this issue. See United States v. Caperell, 938 F.2d 975, 980 (9th Cir.1991) (noting that it is an "open question" whether defendant's failure to object to district court's factual findings waives even plain error review, but concluding no plain error occurred). Rule 32(c)(1) does not require the district court to articulate the reasoning for its findings. See United States v. Rude, 88 F.3d 1538, 1543 (9th Cir.1996), cert. denied, 117 S.Ct. 690 (1997).
 
 U.S.S.G. § 2D1.1 Departure
 
 11
 Finally, Gonzalez challenges the district court's refusal to reduce his base offense level pursuant to U.S.S.G. § 2D1.1, comment. (n.14). This contention lacks merit.
 
 
 12
 A district court may depart downward under U.S.S.G. § 2D1.1 if the amount of drugs for which a defendant is held accountable results in the assignment of a base offense level greater than 36, the court finds that such an offense level overrepresents the defendant's culpability, and the defendant qualifies for a section 3B1.2 reduction. See U.S.S.G. § 2D1.1, comment. (n.14) (1995); United States v. Pinto, 48 F.3d 384, 388 (9th Cir.1995). Because the district court did not clearly err in denying a section 3B1.2 reduction, Gonzalez was not eligible for a departure under section 2D1.1.
 
 
 13
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Here, Gonzalez distributed in Arizona methamphetamine which originated in Mexico. Thus, this case does not involve "purely intrastate activities."
 
 
 [2]
 To the extent Gonzalez argues that Tisor and Kim were wrongly decided, we note that only an en banc panel of this court may overturn existing Ninth Circuit precedent. See United States v. Lucas, 963 F.2d 243, 247 (9th Cir.1992)