127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shirley S. COBLE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shirley S. COBLE, Defendant-Appellant.
 Nos. 96-35871, 96-36084.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 27, 1997.
 
 Appeal from the United States District Court for the District of Alaska H. Russel Holland, District Judge, Presiding
 Before THOMPSON, T.G. NELSON. and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Shirley S. Coble appeals the district court's denial of her 28 U.S.C. § 2255 motion challenging her conviction and sentence for using or carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). We review de novo the district court's denial of Coble's motion, see United States v. McMullen, 98 F.3d 1155, 1156-57 (9th Cir.1996), cert. denied, 117 S.Ct. 2444 (1997). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Coble contends that the conduct to which she pleaded guilty no longer violates section 924(c)(1) after Bailey v. United States, 116 S.Ct. 501 (1995). This contention lacks merit.
 
 
 4
 Section 924(c)(1) prohibits using or carrying a firearm "during and in relation to any ... drug trafficking crime." 18 U.S.C. § 924(c)(1) (1994). In Bailey, the Supreme Court held that a conviction under the "use prong" of section 924(c)(1) requires "active employment" of a firearm. See 116 S.Ct. at 509. The "carry prong" of that statute requires transporting a firearm that is "within reach and immediately available for use." See United States v. Staples, 85 F.3d. 461, 464 (9th Cir.), cert. denied, 117 S.Ct. 318 (1996).
 
 
 5
 Here, Coble pleaded guilty to selling cocaine to an undercover police officer. Coble brought the cocaine to the transaction in her automobile, in which she had a handgun that was within her reach and immediately available for her use. Accordingly, Coble carried the handgun in violation of section 924(c)(1). See id.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3