**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Fermin TAFOYA, Defendant— Appellant.**

No. 00–50660.

United States Court of Appeals, Ninth Circuit.

Submitted July 18, 2003.*

Decided Aug. 13, 2003.

Before: NOONAN, KLEINFELD, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Appellant Fermin Tafoya challenges his conviction under 21 U.S.C. §§ 846 and 841(c)(2) for illegally possessing a listed chemical and attempted possession of a listed chemical. Tafoya challenges the convictions on Commerce Clause grounds as well as several trial errors by the district court. None of the challenges are persuasive and Tafoya's conviction is affirmed.

Drug trafficking laws have been upheld as a valid exercise of Congress's authority under the Commerce Clause.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*United States v. Staples,* 85 F.3d 461, 463 (9th Cir.1996). "[D]rug trafficking is a commercial activity which substantially affects interstate commerce." *Id.* Intrastate drug activities are tied to interstate drug trafficking as well. *United States v. Kim,* 94 F.3d 1247, 1250 (9th Cir.1996). Tafoya's efforts to distinguish these cases based on the distinction between "listed chemicals" and "controlled substances" is not persuasive. Congress has the authority to regulate interstate commercial activity and drug trafficking has been defined as interstate commercial activity. That Congress has not made specific findings stating that listed chemicals affect interstate commercial activity is not enough for Tafoya's argument. The Controlled Substances Act should be read as a whole. Regulation of listed chemicals is a part of Congress's broader effort to regulate interstate commercial activity.

■ Tafoya next objects to the admission of the government's "drug expert" witness. The government is permitted to call expert witnesses to testify about drug culture and the jargon of drug dealers. *United States v. Plunk,* 153 F.3d 1011, 1016–17 (9th Cir.), *as amended by* 161 F.3d 1195 (9th Cir.1998). Here the expert witness testified only to relevant issues of knowledge and his testimony was not unfairly prejudicial. The district court did not abuse its discretion by permitting the testimony.

■ Tafoya next challenges the sufficiency of the evidence on the issue of whether he knew the pseudoephedrine would be used to make methamphetamine. If we take all of the evidence "in the light most favorable to the prosecution," Tafoya's argument fails. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The prosecution introduced evidence of past drug deals, statements by Tafoya and his associates about cooking methamphetamine, of a purchase of over 300,000 pills, and of a garbage bag of over $70,000 cash used to pay for the pseudoephedrine. The government's evidence is sufficient for the jury to determine Tafoya knew or should have known the pseudoephedrine would be used to cook methamphetamine.

Finally, Tafoya challenges the district court's denial of a two-step downward departure for acceptance of responsibility. The district court did not apply the wrong legal standard by holding the entrapment defense was not an acceptance of responsibility. The district court's denial was based on both the entrapment defense and its belief that Tafoya had not accepted responsibility at any point in the trial. This determination was not clearly erroneous.

Tafoya's challenges to his conviction fail and the district court's verdict is AFFIRMED.