**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Leo James TAYLOR, Jr., Defendant–Appellant.**

**No. 04–30142.**

United States Court of Appeals, Ninth Circuit.

Submitted July 25, 2006.*

Filed Oct. 13, 2006.

Kris A. McLean, Esq., Office of the U.S. Attorney District of Montana, Missoula, MT, for Plaintiff–Appellee.

Timothy A. Bechtold, Esq., Rossbach Hart Bechtold, LLP, Missoula, MT, for Defendant–Appellant.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

### MEMORANDUM **

Leo James Taylor, Jr. appeals from his conviction for possession of a firearm equipped with a silencer in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). He claims that because the silencer was homemade and did not travel in interstate commerce, the statute as applied to him exceeded Congress's authority under the Commerce Clause. We review de novo the constitutionality of a statute as applied, *see United States v. Carranza,* 289 F.3d 634, 643 (9th Cir.2002), and we affirm.

The Controlled Substances Act may be constitutionally applied to "purely local activities that are part of an economic class of activities that have a substantial effect on interstate commerce." *Gonzales v. Raich,* 545 U.S. 1, 125 S.Ct. 2195, 2205, 162 L.Ed.2d 1 (2005) (quotations omitted); *see United States v. Stewart,* 451 F.3d 1071, 1077–78 (9th Cir.2006) (following *Raich* and applying 18 U.S.C. § 922(*o* ) to handmade machineguns). In *United States v. Staples,* 85 F.3d 461, 463 (9th Cir.1996), we held that 18 U.S.C. § 924(c)(1) regulated not simple possession of a firearm but rather, as in this case, possession in relation to drug trafficking, "which substantially affects interstate commerce." The application of § 924(c)(1) to Taylor's prosecution for possession of a pistol with a homemade silencer, premised on an underlying drug trafficking offense, did not violate the Commerce Clause.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.