**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Charles WILLETT, Defendant–Appellant.**

**No. 95–10234.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 1996.

Decided July 24, 1996.

Donna M. Gray, Assistant Federal Public Defender, Honolulu, Hawaii, for defendant-appellant.

Michael Seabright, Assistant United States Attorney, Honolulu, Hawaii, for plaintiff-appellee.

Before: FLETCHER, D.W. NELSON, and CANBY, Circuit Judges.

D.W. NELSON, Circuit Judge:

Appellant Charles Willett appeals the 156–month prison sentence imposed on him by the district court. He contends that the court erroneously added a two-level enhancement to his base offense level for the possession of a dangerous weapon (a knife and a silencer) in addition to the five-year consecutive prison sentence it imposed for possession of a firearm (a .22 caliber semiautomatic pistol). He also argues that under the Supreme Court's recent decision, *Bailey v. United States*, — U.S. —, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), his guilty plea and conviction are no longer valid. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 13, 1994, Willett was stopped by military police as he was driving in a Jeep Cherokee near the restricted area of Schofield Military Barracks, in Honolulu, Hawaii. The officer questioned him about his presence in the area. Willett answered that he was talking to the passenger in the car, a 17–year–old woman. The officer then asked and received permission to look inside the Jeep. The officer saw in plain view a knife with a black sheath near the driver's seat. Willett told the officer that the knife was for self-protection. He also told the officer that everything in the vehicle belonged to him and not to his passenger. The military police then thoroughly searched the vehicle. They found a loaded .22 caliber semiautomatic pistol with a silencer attached underneath an overcoat behind the front passenger seat. They also found 13.8 grams of almost pure crystal methamphetamine and a clear glass pipe, along with other drug paraphernalia.

Willett was arrested on September 22, 1994 for violation of federal firearms laws. After his arrest, Willett admitted that the pistol and silencer and the methamphetamine were his. He said that he had obtained the gun for protection because someone who owed him money for drugs had shot at him a week earlier. On October 19, 1994, Willett was charged in a three-count indictment. On November 30, 1994, he was charged in a

superseding indictment with two additional felonies.

Count One charged that on September 12, 1994, Willett possessed with intent to distribute over ten grams of methamphetamine, in violation of 21 U.S.C. § 841(a). Count Two charged that on the same date he knowingly used and carried a firearm equipped with a silencer during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). Count Three charged that on September 12 Willett possessed a silencer that was not registered to him, in violation of 26 U.S.C. § 5861(d). Count Four charged that Willett, as an unlawful user of a controlled substance, knowingly possessed a firearm in violation of 18 U.S.C. § 922(g)(3) on September 12. Count Five charged Willett with the same offense as Count 4, but alleged that it was committed on October 11, 1994. Willett committed the last offense while on bail; subsequently, his bail was revoked.

Pursuant to a plea agreement, Willett pled guilty to Counts One and Five, and to a lesser included offense of Count Two, possession of a .22 caliber pistol (without mention of the silencer), in relation to the drug offense in Count One. Relying on the 1995 Sentencing Guidelines, the district court sentenced Willett to a prison term of 156 months.[1] The district court based its sentence on the following: 1) a base offense level of 26 for Count One (based on the amount of methamphetamine involved); 2) a two-level enhancement for possession of a knife and a silencer in a drug offense (the offense charged in Count One), pursuant to U.S.S.G. § 2D1.1(b)(1); 3) a base offense level of 14 for Count 5, pursuant to U.S.S.G. § 2K2.1(a)(6); 4) a three-level enhancement for an offense committed while on bail (Count Five); 5) a consecutive 60–month term of imprisonment for Count 2, pursuant to 18 U.S.C. § 924(c)(1), for "using and carrying" a

pistol in relation to the drug offense in Count One.

Willett argues in his appeal that the district court erred in imposing the two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1)[2] in addition to the 60 month consecutive prison term under 18 U.S.C. § 924(c)(1) and U.S.S.G. § 2K2.4(a).[3] He argues that the district court's sentence amounted to "double counting" the same conduct. He also argues that in light of *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), there is insufficient evidence to support his conviction under § 924(c)(1).

## STANDARD OF REVIEW

The interpretation of a statute is a question of law reviewed *de novo. Allen v. Shalala,* 48 F.3d 456, 457 (9th Cir.1995). The district court's application of the Sentencing Guidelines to the facts is reviewed for an abuse of discretion. *Koon v. United States,* —— U.S. ——, ——, 116 S.Ct. 2035, ——, 135 L.Ed.2d 392 (1996). The district court's interpretation of the Guidelines, as a question of law, is not entitled to deference, though "[l]ittle turns ... on whether we label review of this particular question abuse of discretion or *de novo,* for ... [a] district court by definition abuses its discretion when it makes an error of law." *Id.*

## ANALYSIS

I. *The Effect of* Bailey v. United States *on Willett's § 924(c) Conviction*

Willett asserts that his conviction pursuant to 18 U.S.C. § 924(c)(1) must be vacated in light of *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). In that case, the Supreme Court held that in order to convict a defendant of "using" a firearm under 18 U.S.C. § 924(c)(1), the government must demon-

---

1. All further references to the Sentencing Guidelines are to the 1995 Guidelines.

2. U.S.S.G. § 2D1.1(b) contains specific offense characteristics for drug trafficking crimes. § 2D1.1(b)(1) provides for a two-level increase "[i]f a dangerous weapon (including a firearm) was possessed."

3. U.S.S.G. § 2K2.4(a) provides that "[i]f the defendant, whether or not convicted of another crime, was convicted under 18 U.S.C. § 844(h), § 924(c), or § 929(a), the term of imprisonment is that required by statute."

strate "active employment of the firearm." *Id.* at ——, 116 S.Ct. at 506. The Supreme Court thus overruled decisions of this and other circuits holding that a defendant could be convicted under § 924(c)(1) on the basis of mere possession as long as it reasonably could be inferred from the facts that the firearm could have played a role in the accompanying drug offense. *See e.g. United States v. Torres–Medina,* 935 F.2d 1047, 1049 (9th Cir.1991). Willett's argument has no merit, however, because he was convicted under the "carry" prong of § 924(c)(1) rather than the "use" prong.

The Supreme Court in *Bailey* explained that § 924(c) addresses two types of behavior: "using" a firearm and "carrying" a firearm. *Bailey,* —— U.S. at ——, 116 S.Ct. at 507. It held that the term "use" must be construed narrowly because the broad construction that had been adopted by many circuits (including this one) did not "preserve[ ] a meaningful role for 'carries' as an alternative basis for a charge." *Id. Bailey* further held that "[a] defendant cannot be charged under § 924(c)(1) merely for storing a weapon near drugs or drug proceeds." *Id.* at ——, 116 S.Ct. at 508.

In *United States v. Hernandez,* 80 F.3d 1253 (9th Cir.1996), this court reexamined the "carry" prong of § 924(c)(1) in light of *Bailey.* It held that "in order for a defendant to be convicted of 'carrying' a gun in violation of section 924(c)(1), the defendant must have transported the firearm on or about his or her person." *Id.* at 1258 (citing *United States v. Riascos–Suarez,* 73 F.3d 616, 623 (6th Cir.1996), *petition for cert. filed* (U.S. Jan. 11, 1996) (No. 95–9285)). In *Hernandez,* the gun was found in a locked tool box, along with the drugs, in the garage where the drug transaction occurred. *Id.* at 1257. The court concluded that this did not constitute "carrying" the gun under § 924(c)(1). *Id.* at 1258.

In this case, in contrast, the defendant expressly stipulated in the plea agreement that "[t]he .22 caliber firearm was located in the Jeep in a position where it was easily accessible to Defendant from his position as the driver of the Jeep." Thus, the facts of this case are very similar to those of *United States v. Staples,* 85 F.3d 461 (9th Cir.1996), in which the court held that a defendant who had a gun in the glove compartment of his car was "carrying" a gun within the meaning of § 924(c)(1) because the gun was "within reach and immediately available for use." *Id.* at 464. As in this case, the defendant in *Staples* admitted in his plea agreement that he "knowingly carried [a] firearm in the glove compartment of the car." *Id.* at 464. We therefore hold that Willett was "carrying" a gun because he transported it "within reach and immediately available for use."

## II. Double–Counting of Willett's Possession of Weapons

Willett also asserts that the district court erroneously "double counted" in sentencing him by imposing both a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) and a five-year consecutive prison term for carrying a firearm in relation to a drug crime, pursuant to § 924(c)(1) and U.S.S.G. § 2K2.4. The two-level enhancement was based upon Willett's possession of a knife and a silencer, while the five-year term was based on his possession of a gun. The question of whether the district court may impose an enhancement under U.S.S.G. § 2D1.1(b)(1) for one weapon and an additional consecutive prison term under § 924(c)(1) and U.S.S.G. § 2K2.4 for another weapon appears to be one of first impression in this circuit. We hold that the district court did not err.

Willett contends that the enhancement and the consecutive five-year prison term punish the same harm, namely, possession of dangerous weapons while committing a drug offense. Under *United States v. Reese,* 2 F.3d 870 (9th Cir.1993), *cert. denied,* 510 U.S. 1094, 114 S.Ct. 928, 127 L.Ed.2d 220 (1994), impermissible double counting occurs "where one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by the application of another part of the Guidelines." *Id.* at 895. *Reese* goes on to explain that "[i]n practical terms, this means that impermissible double counting is to be found where one Guidelines provision is akin to a lesser included offense of another, yet both are applied." *Id.* (cita-

tions and internal quotation marks omitted). However, "there is nothing wrong with 'double counting' when it is necessary to make the defendant's sentence reflect the full extent of the wrongfulness of his conduct." *Id.*

 In support of his argument, Willett points to this court's rule that a defendant may not be charged twice under § 924(c)(1) for two different weapons when both relate to a single, underlying offense. *United States v. Smith,* 924 F.2d 889, 894 (9th Cir. 1991). Although *Smith* does not address the reasoning underlying this rule, it cites to a 10th Circuit case, *United States v. Henning,* 906 F.2d 1392 (10th Cir.1990), *cert. denied,* 498 U.S. 1069, 111 S.Ct. 789, 112 L.Ed.2d 852 (1991), that does. In *Henning,* the court explains that "stacking" of convictions under § 924(c)(1) where more than one weapon was used to commit a single offense violates double jeopardy under the test established by the Supreme Court in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). 906 F.2d at 1399. Under *Blockburger,* a defendant may be punished under two different statutes for a single act if "[e]ach of the offenses created requires proof of a different element." 284 U.S. at 304, 52 S.Ct. at 182.

Here, however, there does not appear to be a problem of double jeopardy, as this case involves a conviction under § 924(c)(1) and *an enhancement* rather than a second conviction. Further, as the government points out, other circuits have imposed enhancements for weapons possession along with prison terms under § 924(c)(1) in cases where the court believed both were necessary to reflect fully the seriousness of the crime. *See United States v. Washington,* 44 F.3d 1271, 1280–81 (5th Cir.1995), *cert. denied,* —— U.S. ——, 115 S.Ct. 2011, 131 L.Ed.2d 1010 (1995); *United States v. Kimmons,* 965 F.2d 1001, 1011 (11th Cir.1992), *cert. denied,* 506 U.S. 1086, 113 S.Ct. 1065, 122 L.Ed.2d 370 (1993), and *cert. granted & judgment vacated on other grounds sub. nom. Small v. United States,* 508 U.S. 902, 113 S.Ct. 2326, 124 L.Ed.2d 239 (1993). In *United States v. Washington,* the court upheld the defendant's conviction under § 924(c) based on his carrying of a pistol and shotgun, as well as an enhancement under § 2D1.1, because the defendant armed his accomplice in the crime with another gun. 44 F.3d at 1280–81. The court noted that although it would have been improper to impose the enhancement and the § 924(c) sentence for use of the *same* weapon, under these circumstances "an enhancement [was] entirely proper because two armed men pose a much greater threat to public safety than does one." *Id.* at 1281.

We find that the district court did not err in imposing the two-level enhancement on top of the § 924(c)(1) conviction because the commission of a drug trafficking crime with a gun, silencer and knife poses a greater risk than does the commission of the same crime with only a gun. Thus, the enhancement was necessary to reflect fully the wrongfulness of the defendant's conduct. *See Reese,* 2 F.3d at 895.

We AFFIRM.