97 F.3d 1462
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nicholas SALTARIS, Defendant-Appellant.
 No. 95-56690.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1996.*
Decided Sept. 25, 1996.
 
 1
 Before: KOZINSKI and LEAVY, Circuit Judges, and SCHWARZER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Nicholas Saltaris appeals from the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction and from the district court's subsequent refusal to reconsider that decision, arguing that he was denied his Sixth Amendment right to counsel and that the evidence was insufficient to support his conviction for use of a firearm in a drug trafficking offense. We reject each of these contentions and affirm.
 
 
 4
 * Saltaris first argues that the district court erred by denying his section 2255 motion without conducting an evidentiary hearing on the question of whether defense counsel was ineffective by failing to advance a Public Authority defense. Specifically, Saltaris contends that defense counsel was ineffective because he did not (1) present the defense; (2) disclose, review, and discuss with Saltaris the government's file on him which showed that he had acted as a confidential informant several years before; (3) impeach a DEA agent's testimony regarding these prior "services"; and (4) call a particular witness to impeach a detective's testimony and corroborate Saltaris' version of events concerning post-arrest discussions with the government.
 
 
 5
 At trial, Saltaris claimed ignorance of the cocaine in the truck in which he was riding, but now claims that his lawyer was ineffective by not arguing that his client was really working for the DEA as an informant. These two defenses would have been completely contradictory. Moreover, Saltaris testified that he had only helped the DEA one time before, and denied offering to help officers after his arrest.
 
 
 6
 As we recently noted,
 
 
 7
 28 U.S.C. § 2255 requires a district court to hold an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.' The movant must 'make specific factual allegations which, if true, would entitle him to relief.' United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990) (quoting Baumann v. United States, 692 F.2d 565, 571 (9th Cir.1982)). The district court should have held a hearing unless [the defendant's] allegations of ineffective assistance of counsel, when viewed against the record, either did not state a claim for relief or were 'so palpably incredible or patently frivolous as to warrant summary dismissal.' Marrow v. United States, 772 F.2d 525, 526 (9th Cir.1985) (quoting United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.1984) (per curiam) [ ) ].
 
 
 8
 Quintero v. United States, 33 F.3d 1133, 1135 (9th Cir.1994) (per curiam) (some brackets added).
 
 
 9
 Given the meritless nature of this claim, the district judge cannot be said to have abused his discretion by declining to hold an evidentiary hearing on this issue. See United States v. Blaylock, 20 F.3d 1458, 1464 (9th Cir.1994) (as amended); Baumann v. United States, 692 F.2d 565, 571 (9th Cir.1982).
 
 II
 
 10
 In order for Saltaris to prevail on his claim that trial counsel's defense was so ineffective as to deprive him of his Sixth Amendment right, he had to allege and show that his lawyer's performance fell so far below an objective standard of reasonableness that the lawyer's defective performance prejudiced Saltaris to the point of denying him a fair trial. See Strickland v. Washington, 466 U.S. 668, 687-90 (1984). Our review of the materials before us shows that Saltaris' argument fails both the "deficient performance" and the "prejudice" prongs of the Strickland test. The district court did not err by denying the relief requested.
 
 III
 
 11
 Citing the Supreme Court's recent decision in Bailey v. United States, 116 S.Ct. 501 (1995), Saltaris argues that his conviction on Count III for possession of a firearm during the course of a drug trafficking offense must be set aside for lack of sufficient proof. While the government concedes that Saltaris' 18 U.S.C. § 924(c)(1) conviction cannot be upheld under the narrow "use" prong discussed in Bailey, see United States v. Polanco, --- F.3d ----, ----, No. 95-50341, slip op. 10137, 10157 (9th Cir. Aug. 15, 1996); United States v. Willett, 90 F.3d 404, 407 (9th Cir.1996), it argues that the evidence was sufficient on the broader "carrying" test. We agree with the government's position.
 
 
 12
 Viewed in the light most favorable to the prosecution, the evidence was that Saltaris carried the sports bag containing the weapon to the truck; the pistol's magazines were fully loaded and lying next to the firearm in the same piece of luggage; the bag containing the weapon and ammunition was in the truck cabin within easy reach of Saltaris; and, as we noted in Saltaris' prior appeal, Saltaris conceded that the handgun found in his sports bag near the drugs was in his possession. We conclude that a rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case appropriate for submission on the record and briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3