116 F.3d 487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Lee SCRIVNER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Steven MALONE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barbara Lammsies SCRIVNER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Michael GRAY, Defendant-Appellant.
 Nos. 95-30227, 95-30234, 95-30239, 95-30240.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted September 16, 1996.
June 10, 1997.
 
 1
 Appeal from the United States District Court for the District of Oregon, D.C. No. CR-93-00310-06-ALH, D.C. No. CR-93-00310-01-ALH, D.C. No. CR-93-0031-07-ALH, and D.C. No. CR-93-0031-02-ALH; Ancer L. Haggerty, District Judge, Presiding.
 
 
 2
 Before ALDISERT,** PREGERSON, and T.G. NELSON, JJ.
 
 
 3
 MEMORANDUM*
 
 
 4
 Richard Scrivner (Richard), Barbara Scrivner (Barbara), Larry Steven Malone (Malone), and George Michael Gray (Gray) appeal their convictions and sentences on a variety of charges related to manufacture and distribution of methamphetamines[1] and related firearms charges. Issues raised by more than one appellant will be addressed under the heading "Joint Issues." Other issues will be separately addressed.
 
 I. JOINT ISSUES
 A. Life Sentences of Gray and Malone
 
 5
 The evidence of the amount of drugs for which they were held responsible was sufficient to support life sentences, given the following:
 
 
 6
 (a) the expert's calculations of the amount of methamphetamine which could be produced from the nitroethane found in the lab. See United States v. August, 86 F.3d 151, 154-55 (9th Cir.1996); (b) the district court's erring on the side of caution by accepting the lesser amount stated in the PSR, rather than higher amounts in the trial testimony;
 
 
 7
 (c) Gray's failure to file formal objections to the PSR;
 
 
 8
 (d) the lack of evidence adduced by Gray and Malone to challenge the Government expert's testimony or otherwise to support their objections.
 
 
 9
 In addition, the district court's findings were sufficient to support the imposition of life sentences, given its reliance on the specific facts stated in the PSR, and the absence of contrary evidence presented by Gray and Malone.
 
 
 10
 Malone also argues under this heading that the sentencing enhancement under guidelines Section 2D1.1(b) was a double count of his conviction under Count Six. In light of our disposition of Malone's arguments under Count Six, see discussion infra Separate Issues at Part II.B.1, this issue might arise again if Malone is convicted and sentenced for a second time under that count, so we address it now. Count Six was based on Malone's possession of a .22 caliber pistol. The enhancement was based on his possession of four rifles and a shotgun. The district court said that the enhancement was "separate and apart from that contained in Count 6." Malone's argument has no merit.
 
 B. The Bailey Issues
 
 11
 1. Malone[2] and Gray.
 
 
 12
 Under Bailey v. United States, 116 S.Ct. 501, 506 (1995), to sustain a conviction for "use" of a firearm under 18 U.S.C. § 924(c)(1), the Government must show "active employment" of the firearm, not just mere possession.
 
 
 13
 The court's instructions told the jury that Counts Six and Seven charged that Malone and Gray, respectively, "used, or carried, a firearm in connection with a drug trafficking crime." The instructions went on to say that, in order to convict, the Government had to prove the drug trafficking charge and "that [the defendant] knowingly used or carried" the handgun while committing the crime. The instructions further said that "the firearm must have been available within the possession or control of the defendant charged. A firearm may be considered available if its physical proximity to the defendant at any time during the commission of the crime supports an inference that the weapon encouraged the defendant to commit the underlying crime." [Gray, ER at 37.]
 
 
 14
 The instructions were improper as to the "use" prong of § 924(c) under Bailey, which requires that "use" be defined to require active employment of the firearm. The instructions were also defective under United States v. Hernandez, 80 F.3d 1253, 1258 (9th Cir.1996), which held that "carry" connotes "immediately available for use" rather than merely "available to assist or aid" and that carrying requires transporting the firearm "on or about" the person, rather than being merely in "proximity." As the Hernandez court explained, Bailey requires that the word "carry" be given its "ordinary or natural" meaning. Id. at 1257. The "carry" prong was thus misdescribed in this case when "physical proximity" could be found by the jury to be sufficient. Id. at 1258.
 
 
 15
 We apply harmless error analysis to our review of the instructions. United States v. Lopez, 100 F.3d 98, 103 (9th Cir.1996), cert. denied, --- S.Ct. ----, 1997 WL 221318 (May 19, 1997). The inadequate definition of "use" and "carry" in the instructions leads us to conclude that these convictions must be reversed, whether the review is for reversible or plain error.[3]
 
 
 16
 The jury instructions in this case fall short of describing either "active employment" which would support "use" under Bailey or "transporting on or about the person" which would support "carry" under Hernandez. Contrary to the situation in Lopez, we cannot determine from the record whether "the jury actually and necessarily found" either of the foregoing misdescribed elements. Lopez, 100 F.3d at 104. The instructions here permitted the jury to find possession or control from "physical proximity" alone. In Lopez, the "physical proximity" language was not used in the instructions. Even though the evidence was sufficient to support the convictions of Malone and Gray under § 924(c)(1), Counts Six and Seven must be reversed.
 
 
 17
 2. Richard and Barbara.
 
 
 18
 The Scrivners' argument under Bailey relates to the enhancement of their sentences based on possession of firearms by their coconspirators. Bailey does not help them, because they were not charged with a violation of § 924(c). As the Supreme Court pointed out, U.S.S.G. § 2D1.1(b)(1) provides the possibility of a sentence enhancement independent of conviction of a substantive charge. Bailey, 116 S.Ct. at 509. The enhancements were proper, based on the foreseeable possession of firearms by their coconspirators.[4] U.S.S.G. § 1B1.3(a)(1)(B), and Comment. n. 1. See also United States v. Arias-Villanueva, 998 F.2d 1491, 1513 (9th Cir.), cert. denied, 510 U.S. 1001 (1993).
 
 
 19
 3. The enhancement applied to Gray and Malone.
 
 
 20
 Gray and Malone both argue that the weapon enhancement is not warranted as to them. However, their arguments have no merit, based on the above analysis for Richard and Barbara. The enhancement of sentences for both Gray and Malone was proper based on the foreseeable possession of weapons by the other, as a coconspirator. See also United States v. Willett, 90 F.3d 404, 408 (9th Cir.1996).
 
 C. Richard and Barbara
 
 21
 1. Double Jeopardy.
 
 
 22
 The existence and prosecution of civil forfeiture proceedings, whether by the federal or state government, does not constitute double jeopardy under the federal constitution. United States v. Ursery, 116 S.Ct. 2135, 2149 (1996).
 
 
 23
 2. Answer to note from Jury.
 
 
 24
 The district court committed error in rejecting the jury's request to have testimony reread without doing so in open court after giving the defendants an opportunity to be heard. United States v. Throckmorton, 87 F.3d 1069, 1072 (9th Cir.1996), cert. denied, 117 S.Ct. 993 (1997). "We must determine whether [the error was] more probable than not harmless, or whether the error did not have substantial influence' over the verdict." United States v. Tory, 52 F.3d 207, 211 (9th Cir.1995).
 
 
 25
 The district judge simply told the jury that the court reporter was unavailable, and that they should rely on their recall of the evidence, plus any notes they might have. The error came in not consulting counsel and the defendants prior to rejecting the jury's request, not in the rejection itself. In order to find reversible error here, we would have to conclude that (a) arguments of counsel would have persuaded the judge to permit the read-back; (b) it is more probable than not that the read-back would have changed the result; and/or (c) the error had a "substantial influence" over the verdict. Id.
 
 
 26
 The jury's question related to testimony about Tenino Street and 71st Avenue. The Scrivners were acquitted of charges relating to Tenino Street. No specific manufacturing or other charges were stated relating to 71st Avenue, but the testimony the jury wanted read back included the fact that no chemicals or glassware were seized at that location. Given the amount of evidence tying the Scrivners to the conspiracy and possession with intent charges at other locations, we conclude that any error in not reading back testimony about Tenino Street and the premises at 71st Avenue did not "substantially influence" the verdict and did not deprive the Scrivners of a fair trial. Id. The error was harmless.
 
 II. SEPARATE ISSUES
 
 27
 1. Enhancement under U.S.S.G. § 3B1.1.
 
 
 28
 The four-level enhancement for being an organizer or leader under Section 3B1.1 was proper, given the testimony of coconspirators and others. The district court was not required to make specific findings in support of the adjustment. United States v. Ponce, 51 F.3d 820, 826 (9th Cir.1995).
 
 
 29
 2. Credit for time served.
 
 
 30
 Gray's claim that he should be credited under 18 U.S.C. § 3585(b) with time served toward his sentence when he was incarcerated for contempt is not cognizable in federal court. "A district court ... cannot apply § 3585(b) at sentencing." United States v. Wilson, 503 U.S. 329, 333 (1992).
 
 B. Malone
 
 31
 1. Double jeopardy.
 
 
 32
 Malone's double jeopardy argument, based on a state civil forfeiture action, has no merit. See Urserv, as discussed above in Joint Issues at Part I.C.1. Also, since Malone filed no claim in the forfeiture proceedings, no "punishment" resulted from the forfeiture of the unclaimed property. United States v. Cretacci, 62 F.3d 307, 311 (9th Cir.1995), cert. denied, 116 S.Ct. 2528 (1996).
 
 
 33
 2. Search warrant.
 
 
 34
 Malone's challenges to the search warrant are equally unavailing. First, the lapse of time is not controlling in considering a claim of staleness. United States v. Vaanderina, 50 F.3d 696, 700 (9th Cir.1995). And, second, the warrant here included current information concerning the Cook Street premises, including police surveillance and information concerning purchases made by Koonce. The motion to suppress was properly denied.
 
 C. Barbara
 
 35
 1. Review of Presentence Report.
 
 
 36
 The record before the district court adequately demonstrated that Barbara not only had a chance to read the PSR, but actually did so. Her letter of allocution claimed that she was not capable of committing a crime bad enough to warrant a twenty-four year sentence, which was the recommendation of the PSR. Her lawyer's letter of objection to the PSR stated that a copy of the PSR had been sent to Barbara. This was a sufficient record to be relied on by the sentencing judge. See United States v. Maree, 934 F.2d 196, 199-200 (9th Cir.1991).
 
 
 37
 2. Calculation of the amount of methamdhetamine.
 
 
 38
 The district court's aggregation of potential production from the chemicals seized plus quantities actually sold, was proper. U.S.S.G. § 2D1.1, Comment. n. 12. See also United States v. Bertrand, 926 F.2d 838, 845-47 (9th Cir.1991).
 
 D. Richard
 
 39
 1. Disclosure of confidential informant.
 
 
 40
 The district court did not abuse its discretion in refusing to order the disclosure of a confidential informant. Richard did not meet his burden of showing the need for disclosure. "[M]ere suspicion that information will prove helpful is insufficient to require disclosure." United States v. Sanchez, 908 F.2d 1443, 1451 (9th Cir.1990) (citations omitted). Richard's defense that he was not a member of the conspiracy was overcome by ample evidence. There was no showing by Richard that the informant would possess exculpatory information. On appeal, Richard's description of the need for disclosure as "highly relevant and possibly helpful to the defense" well summarizes the speculation underlying the showing in support of the motion. (Emphasis added). Speculation, as with suspicion, is not enough. Id. There was no error by the district court.
 
 
 41
 2. Coconspirator testimony.
 
 
 42
 Richard did not object to the coconspirator testimony at trial. He did object pretrial that the indictment's ending date for the conspiracy, December 21, 1992, was in error. However, the error raised on appeal is that certain unspecified testimony of coconspirators was improper, as the conspiracy really ended on November 10, 1992. Short of a specific reference to the testimony claimed to have been improperly admitted, this court cannot determine whether there was error, much less plain error under United States v. Olano, 507 U.S. 725, 734 (1993).
 
 III. CONCLUSION
 
 43
 Malone's conviction under Count Six and Gray's conviction under Count Seven are REVERSED, and the case is REMANDED to the district court for further proceedings on those counts. All other convictions and sentences are AFFIRMED in their entirety.
 
 
 
 **
 Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In a separate opinion, we address whether it was plain error for the district court to sentence defendants without making a factual finding to classify the charged substance as either D-methamphetamine or L-methamphetamine
 
 
 [2]
 Malone did not raise the Bailey issue in his opening brief. However, his brief was filed before the Bailey decision, his situation is identical to Gray's, and the Government has had the opportunity to fully brief and argue the Bailey issue. Therefore, in the interest of judicial economy, we will consider the Bailey issue as it relates to Malone in this appeal
 
 
 [3]
 Another deficiency in the instructions is the failure to include the statutory "during and in relation to" language, as pointed out in United States v. Mendoza, 11 F.3d 126 (9th Cir.1993). Since Mendoza was decided before trial, and neither defendant objected on those grounds, review of the Mendoza claim would be for plain error. We include this defect in our consideration of the total effect of the faulty instructions
 
 
 [4]
 Our reversal of Malone's and Gray's convictions under § 924(c) due to the inadequacy of the jury instructions on the "use" and/or "carry" elements in those offenses, has no bearing on the sentencing enhancements based on Malone's and Gray's foreseeable possession of firearms