141 F.3d 1181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Deborah GUNN, Defendant-Appellant.
 No. 96-30350.
D.C. No. CR-94-00214-01-BJR.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 4, 1998.
Decided Mar. 12, 1998.
 
 Appeal from The United States District Court for the Western District of Washington Barbara J. Rothstein, Chief Judge, Presiding.
 Before BROWNING and O'SCANNLAIN, Circuit Judges, and MARQUEZ, District Judge.**
 MEMORANDUM*
 Deborah Gunn appeals a 51-month sentence imposed following her guilty plea to maintaining marijuana manufacturing operations in violation of 21 U.S.C. § 812, 21 U.S.C. § 856, and 18 U.S.C. § 2. We have jurisdiction under 18 U.S.C. § 3742.
 We review the district court's application of the Sentencing Guidelines to the facts for abuse of discretion. See U.S. v. Willett, 90 F.3d 404, 406 (9th Cir.1996). For the reasons set forth below, we vacate and remand for resentencing.
 I.
 Gunn appeals the district court's imposition of a two-point enhancement for obstruction of justice. She contends that an evidentiary hearing was required because material facts were in dispute.
 The Government argued at sentencing that an obstruction of justice enhancement was warranted because Gunn attempted to fabricate evidence and suborn perjury. In support, the Government submitted an affidavit prepared by James Baker, a member of a musical band financed by Gunn. Baker maintained that Gunn spent large amounts of cash on the band and asked Baker to prepare a false document enhancing the band's proceeds to help justify Gunn's income. The Government also presented a transcript of a taped telephone conversation between Gunn and Baker which the Government claimed was proof of Gunn's attempt to suborn perjury.
 At the sentencing hearing, Gunn denied the allegations made by Baker in his affidavit and argued that Baker's motive for discrediting her was to get out of a recording contract and avoid expenses he owed her. Gunn attached eight affidavits from other band members and acquaintances of Baker who stated that Baker (a convicted felon) was a liar, was dishonest, and had embezzled much of the band's money. Baker was referred to as a "con artist", a "predator," and "Satan" himself. The band members also contradicted Baker's allegations that Gunn spent large amounts of money on the band.
 After concluding that an evidentiary hearing was not needed, the district court imposed a two-point enhancement for obstruction of justice based on Baker's affidavit and the taped telephone conversation.***
 
 
 1
 Sentencing Guideline § 6A1.3 (1995), entitled, "Resolution of Disputed Factors (Policy Statement)," states:
 
 
 2
 (a) When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor. In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.
 
 
 3
 The affidavits submitted by Gunn at the sentencing hearing should have given the district court strong reason to question the reliability of Baker. Baker's allegations were certainly relevant to the court's sentencing determination. They went to the heart of the obstruction of justice enhancement. Furthermore, in the face of Gunn's adamant denials, an evidentiary hearing was the only reasonable way to resolve this dispute. The district court abused its discretion in failing to conduct an evidentiary hearing on the issue of obstruction of justice.
 
 II.
 
 4
 The district court did not err in considering the taped telephone conversation between Baker and Gunn. There was no evidence of affirmative misconduct on the part of the Government. See United States v. Harvey, 661 F.2d 767, 773-74 (9th 1981), cert. denied, 459 U.S. 833, 103 S.Ct. 74, 74 L.Ed.2d 72 (1982).
 
 III.
 
 5
 The presentence reports prepared in this case recommended a two-point upward adjustment based on Gunn's role as an organizer, leader, manager, or supervisor. At the sentencing hearing, the district court declined to impose the enhancement but failed to attach written findings on the issue. The district court also failed to attach written findings regarding obstruction of justice.
 
 
 6
 Pursuant to Rule 32(c)(1) of the Federal Rules of Criminal Procedure (as amended in 1994), the court must, for each matter controverted, make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing. A written record of these findings and determinations must be appended to the copy of the presentence report that is made available to the Bureau of Prisons. The district court erred in not complying with Rule 32.
 
 IV.
 
 7
 At the sentencing hearing, the district court stated that Gunn had not presented an accurate picture of her involvement and had not accepted responsibility for her role in the offense. When the district court entered its written findings, however, the court stated that Gunn was entitled to a two-level reduction for acceptance of responsibility.
 
 
 8
 With a two-point reduction for acceptance of responsibility and a two-level enhancement for obstruction of justice, Gunn's offense level is 22, not 24. See U.S.S.G. § 2D1.1 (c)(9) (1995); U.S.S.G. Ch. 5, Pt. A (1995).
 
 CONCLUSION
 
 9
 Gunn's sentence is VACATED and REMANDED for further proceedings consistent with this Memorandum.
 
 
 10
 VACATED and REMANDED for resentencing.
 
 
 
 **
 The Honorable Alfredo C. Marquez, United States District Judge for the District of Arizona, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 **
 * The revised Presentence Report recommended a two-point enhancement for obstruction of justice because Gunn failed to appear in court for her initial appearance. The district court specifically rejected this as a basis for enhancement