**UNITED STATES of America,**

v.

**Jose RIOS, Defendant.**

**No. CRIM. A. 99–641.**

United States District Court, E.D. Pennsylvania.

July 28, 2000.

David E. Troyer, U.S. Atty's Office, Philadelphia, PA, for Plaintiff.

Marc J. Frumer, Philadelphia, PA, for Defendant.

## MEMORANDUM & ORDER

KATZ, Senior District Judge.

*Background*

On April 27, 1999, a Philadelphia police officer stopped a vehicle driven by Jose Rios. The officer eventually searched the vehicle[1] and recovered a Walther PPK .380, 128 baggies of crack cocaine, and seven bags of heroin from the vehicle. Subsequently, the Philadelphia Police Department obtained a search warrant for the defendant's home, which was executed on June 10, 1999. The officers found ten packets of crack, a Lorcin 9mm handgun, a shotgun, and a small amount of marijuana.

The defendant was charged with six counts stemming from these incidents. For each date, the indictment alleged that he was guilty of possession with intent to distribute cocaine base, *see* 21 U.S.C. § 841(a)(1),[2] carrying or possessing a firearm during and in relation to or in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c),[3] and being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g).[4] 841(a)(1). On April 24, 2000, Rios pled guilty to five counts: both of the possession with intent to distribute charges, both felon in possession charges, and carrying a firearm during and in relation to a drug trafficking crime on April 27, 1999. Count four, alleging the knowing possession of a firearm in furtherance of a drug trafficking crime on June 10, 1999, was dismissed.

The plea agreement signed by the defendant contained several stipulations, one of which is now at issue: "The parties agree that the defendant shall receive a two-level upward adjustment for his possession of the two firearms in his home on June 10, 1999, pursuant to U.S.S.G. § 2D1.1(b)(1)." Plea Agmt. ¶ 8(c). The presentence investigation report prepared by the Probation Office declined to apply this adjustment, explaining, "Since the defendant has pled guilty to Count Two which mandates a consecutive term for carrying a firearm during a drug offense, the guidelines prohibit an additional enhancement. *See* § 2K2.4, application note 2." PSI ¶ 58.

*Discussion*

Notwithstanding the provisions of application note 2, the government contends that the enhancement is proper because the firearms to which the enhancement would apply (the Lorcin and the shotgun)

---

1. Mr. Rios originally filed a suppression motion but chose to abandon this claim.

2. Count one addressed the drugs found on April 27, 1999; count three addressed the drugs found on June 10, 1999.

3. Count two pertained to April 27, 1999; count four pertained to June 10, 1999.

4. Count five pertained to April 27, 1999; count six pertained to June 10, 1999.

are different from the weapon for which the defendant will receive a consecutive sentence pursuant to 18 U.S.C. § 924(c) (the Walther) and because the possession of the respective weapons occurred on different dates in connection with different drug crimes.

Sentencing Guidelines section 2D1.1 governs the defendant's sentence for possession with intent to distribute cocaine base. As the presentence investigation report correctly notes, the possession with intent charges, counts one and three, are grouped together pursuant to U.S.S.G. § 3D1.2(d), as sentence is imposed based primarily on drug quantity. *See* U.S.S.G. § 2D1.1(a)(3); PSI ¶ 14. The disputed enhancement provides, "If a dangerous weapon (including a firearm) was possessed, increase [the base offense level] by 2 levels." U.S.S.G. § 2D1.1(b)(1). Had the defendant not pled guilty to the charge of carrying a firearm during and in relation to a drug trafficking crime, this enhancement would obviously apply. However, application note 2 to U.S.S.G. § 2K2.4, which governs sentences imposed pursuant to 18 U.S.C. § 924(c)(1), states: "Where a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use, or discharge of an explosive or firearm (*e.g.,* § 2B3.1(b)(2)(A)-(F) (Robbery)) is not to be applied in respect to the guideline for the underlying offense."

The Third Circuit discussed the relationship between the firearms enhancement and application note 2 in *United States v. Knobloch,* 131 F.3d 366 (3d Cir.1997). Knobloch pled guilty to three counts charging him with conspiracy to distribute marijuana, distribution of anabolic steroids to an individual named Davis, and using and carrying a Glock 9–mm handgun during and in relation to the distribution of anabolic steroids to Davis. *See id.* at 368. The government dismissed two counts charging Knobloch with possession with intent to distribute anabolic steroids found

in his apartment and with use of two different firearms (a Spectre .45 and a TEC–9) during and in relation to those steroids. *See id.* Although, as in the present case, Knobloch was subject to a mandatory consecutive sentence for carrying the Glock, the government successfully sought to apply an enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for the Spectre and the TEC–9.

On appeal, the Third Circuit held that the district court erred in applying the enhancement. The primary basis for the court's decision, and the one that is dispositive here, is the "unambiguous directive" of application note 2:

> Application Note 2 to U.S.S.G. § 2K2.4 plainly prohibits a two-level enhancement under these circumstances for possession of any firearm—whether it be the one directly involved in the underlying offense or another firearm, even one in a different location. If the court imposes a sentence for a drug offense along with a consecutive sentence under 18 U.S.C. § 924(c), based on that drug offense, it simply cannot enhance the sentence for the drug offense for possession of any firearm.

*Id.* at 372. Based on this language, the court concludes that it may not apply the enhancement because Rios is subject a mandatory consecutive sentence for carrying a weapon during and in relation to a drug crime.

The court acknowledges one obvious difference between *Knobloch* and the present case: Unlike Knobloch, Rios pled guilty to two counts of possession with intent to distribute, one addressing the drugs found in his car, one addressing the drugs found in his home. This distinction does not affect the court's analysis, however, because of the manner in which drug sentences are calculated under the Sentencing Guidelines. Under U.S.S.G. sections 3D1.2 and 2D1.1, all of the charges pertaining to possession with intent to distribute are grouped together. Consequently, although Rios was found in possession of

separate quantities of drugs at separate locations on separate days, the court must consider those amounts cumulatively, leading to a base offense level of 26 based on total quantity. The court, therefore, cannot apply the section 2D1.1(b)(1) enhancement for the Lorcin and the shotgun only to the drug conviction pertaining to June 10, 1999; applying it to that day is functionally applying it to the possession with intent to distribute charge for April 27, 1999. In other words, under the guidelines, it makes no sense at the sentencing stage to proceed as though there were separate drug convictions.[5]

While the government refers to several cases in support of its position, it does not mention *Knobloch*, which is binding upon this court. In fact, *Knobloch* specifically rejected application of two of the four cases on which the government relies, *United States v. Willett*, 90 F.3d 404 (9th Cir.1996), and *United States v. Washington*, 44 F.3d 1271 (5th Cir.1995), noting that they did not base their holdings on application note 2. *See Knobloch*, 131 F.3d at 370 n. 5[6]; *see also United States v. White*, —— F.3d ——, 2000 WL 1022326, at *7 (7th Cir. July 25, 2000) (noting contrary holdings of *Willett* and *Knobloch*); *United States v. Johnson*, 208 F.3d 211, 2000 WL 285418, at *2 (4th Cir. Mar.17, 2000) (noting generally that *Knobloch* conflicts with holdings in the Eleventh and Ninth Circuits, the source of two cases upon which the government now relies).

*Conclusion*

As the stipulation to apply the enhancement for the firearms would conflict with the language of the Guidelines and with Third Circuit precedent, the court will calculate the defendant's sentence without the enhancement in accordance with the presentence investigation report.

An appropriate order follows.

### *ORDER*

**AND NOW**, this 28th day of July, 2000, it is hereby **ORDERED** that the court adopts the sentencing calculations contained in the presentence investigation report, which does not apply a two-level enhancement for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b). Application of this enhancement would be inappropriate, as the defendant was convicted of a substantive firearms offense for which he has received a sixty-month consecutive sentence. The defendant's base offense level is 23, rather than 25, as it would be if the enhancement were applied. With a criminal history category of V, the sentencing range is 84–105 months, in addition to a sixty-month consecutive sentence.

---

5. The fact that the defendant stipulated to the enhancement is of no consequence. As the plea agreement itself acknowledges, the parties' stipulations are not binding on this court, *see* Plea Agmt. ¶ 8(2), (3), and Rios could not stipulate that he would be sentenced in violation of the Sentencing Guidelines. *See Knobloch*, 131 F.3d at 372.

6. Without addressing the significance of application note 2, *Willett*, 90 F.3d at 404, held that it was not double-counting to impose both a consecutive 924(c) sentence based on possession of a firearm and an enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for a knife. The second case, *United States v. Washington*, 44 F.3d at 1271, applied a 2D1.1(b)(1) enhancement in addition to a

consecutive 924(c) sentence because the defendant had armed a co-defendant. *See id.* at 1280–81.

Like *Washington* and *Willett*, the other two cases cited by the government are of little relevance to the facts of this case in light of *Knobloch*. *See United States v. Rodriguez*, 65 F.3d at 932, 933 (11th Cir.1995) (applying enhancement in addition to a consecutive sentence based on a co-defendant's possession of a firearm; stating that application note 2 did not apply because the enhancement was not based on the "defendant's" possession); *United States v. Gonzalez*, 183 F.3d 1315, 1326–27 (11th Cir.1999) (also applying enhancement based on co-defendant's possession).